UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 08-196 |
| BRADFORD WADE | * | SECTION "P" (2) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's pro se Motion for Termination and/or Reduction of Supervised Release Term Pursuant to 18 U.S.C. § 3583(e)(1), (2). ECF No. 104. The Government filed a response indicating it has no objection to a reduction or termination of Defendant's supervised release. ECF No. 106. By Order dated April 2, 2025, Judge Darrel Papillion referred this matter to the undersigned magistrate judge for a Report and Recommendation. ECF No. 112. 28 U.S.C. § 636(b)(1)(B); E.D. La. LR 73.2(A).

## I.    BACKGROUND

Defendant Bradford Wade pled guilty to two counts of a three count Superseding Bill of Information: Count 1 of conspiracy to distribute and possess with intent to distribute heroin and Count 3 of distribution of heroin to a person under the age of 21 before the Honorable Martin L.C. Feldman. ECF No. 49. Defendant had no prior convictions, but his crime resulted in the death of a 19-year-old man. ECF No. 58 at 3–4. Judge Feldman denied Defendant's request for a downward deviation and sentenced him to 180 months as to both counts (concurrent), ordered restitution of $8,914.26, and a supervised release term of three years as to count 1 and six years as to count 3. *Id.* at 11. The supervised release was subject to all standard general conditions as well as restrictions from possessing firearms and special conditions requiring orientation and life skills programs. ECF No. 56.

1

The Court determined that Defendant's offense level was 35 as of the date of the original judgment with a criminal history category of I.  ECF No. 95.  The guideline range was 168 to 210 months.  *Id.*  Defendant filed a Motion to Reduce Sentence, arguing that Amendment 782 to the Sentencing Guidelines would lower his score by two levels.  ECF No. 83 at 2.  Judge Feldman denied the Motion to Reduce Sentence, finding that Defendant was ineligible for reduction because Amendment 782 did not change his base offense level under U.S.S.G. § 2D1.1(a)(2) (a death resulting from the use of a substance).  ECF No. 95.

Defendant completed his prison sentence on July 15, 2020.  He has now completed almost five years of his six-year supervised release term.  He now seeks to reduce or terminate supervised release, arguing that he has completed over 85% of the term without incident and has engaged in substantial post-incarceration rehabilitation.  ECF No. 104 at 1.  He further argues that Amendment 821 would permit the Court to lower his base offense level by two points and thus reduce his term of supervised release.  *Id.* at 1–2.  The Government does not oppose the motion, stating:  "After consulting with the defendant's probation officer and evaluating the defendant's progress since his release from prison—specifically, paying all fines, avoiding legal trouble, maintaining steady employment, remaining drug-free, and refraining from any further criminal activity—the government does not object to a reduction in the term of supervised release or its termination altogether."  ECF No. 106.

## II.    APPLICABLE LAW AND ANALYSIS

For the same reasons that Judge Feldman denied Defendant's Motion to Reduce Sentence, his reliance on Amendment 821 to argue for a base level offense change that would reduce the term of his supervised release is misplaced.  While Part B, Subpart 1, of Amendment 821 does add a new guideline provision to chapter four, U.S.S.G. § 4C1.1 addressing defendants with no

2

criminal history, this new guideline authorizes a two-offense-level decrease if a defendant has "(1) zero criminal-history points, and . . . (4) the offense did not result in death or serious bodily injury . . . ."[1]  Although Defendant had zero criminal history points, because his crime resulted in the death of a 19-year-old man, Amendment 821 does not apply.  *Cf.* ECF No. 95.

Defendant has, however, served almost five years of his six-year supervised release term. The Court may "terminate a term of supervised release and discharge the defendant . . . any time after the expiration of one year of supervised release" after considering enumerated factors set out in 18 U.S.C. § 3553(a).[2]  Among the § 3553 factors weighed by the court are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, the kinds of sentences and sentencing ranges available, and the need to avoid unwarranted sentencing disparities among similarly situated defendants.[3]

The Court may grant early termination "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[4]  Compliance with the terms of supervised release and with the law alone is not enough to merit early termination because that conduct is expected and required.[5]  Generally, early termination of supervised release is not granted absent serious medical concerns, substantial limitations on employment, or extraordinary post-

---

[1] U.S.S.G. § 4C1.1 Adjustment for Certain Zero-Point Offenders.
[2] 18 U.S.C. § 3583(e)(1).
[3] *See* 18 U.S.C. § 3553(a).
[4] 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59–60 (2000); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021).  The Court has broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998); *see also United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017).
[5] *United States v. Seymore*, Cr. No. 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) (recognizing decisions holding that something more than compliance with the terms of supervised release is required to justify early termination).

release accomplishments.[6]  For instance, judges in this district have terminated supervised release when a defendant had completed most of the term and establishes that continued supervision is a barrier to promotion to management in employment.[7]  Likewise, early termination is routinely granted in cases involving changed circumstances, such as exceptionally good behavior.[8]  And while the court need not find extraordinary, compelling, or changed circumstances to justify early termination, those circumstances are relevant to ruling on a motion under § 3583(e)(1).[9]

Defendant has failed to establish "changed circumstances" warranting early termination of his supervised release.  Defendant cites to his post-incarceration gainful employment as a truck driver, CDL and Hazmat certifications, successful completion of a drug program, obtaining a TWIC card, services he provides for a non-profit, and his mother and sister's two children to support his request for early termination.  While that conduct is indeed laudable, it reflects compliance with the requirements of supervised release to maintain employment rather than exceptionally good behavior necessary to establish changed circumstances.  Defendant does not cite to any impediment to work or continued success imposed by the term of supervised release.  Further, although Probation and the Government have no objection to early termination, the seriousness of Defendant's crime (i.e., distribution of heroin that resulted in death of a 19-year-old man) must be considered.  Given the nature of the offense, continued supervision appropriately

---

[6] *United States v. Bromon*, Cr. No. 13-63, 2025 WL 322237, at *2 (E.D. Tex. Jan. 10, 2025), *R.&R. adopted*, Cr. No. 13-63, 2025 WL 317299 (E.D. Tex. Jan. 28, 2025).

[7] *United States v. County et al.*, Cr. No. 02-201 (E.D. La. Mar. 27, 2023) (Lemmon, J.) (granting early termination of 10-year supervised release term after 7 years when continued supervision was an impediment to career); *United States v. Smothers*, Cr. No. 13-129 (E.D. La. Feb. 23, 2023) (granting early termination of 3-year term after 2 years based on "changed circumstances" because continued supervision hindered ability to travel for work after move to Georgia).

[8] *Seymore*, 2023 WL 3976200, at *1 (citation omitted); *see also United States v. Baptiste*, Cr. No. 98-207, 2025 WL 871520 (E.D. La. Mar. 20, 2025) (denying early termination where defendant completed less than half of the term and established only compliance with supervised release terms without showing changed circumstances); *United States v. Hayes*, Cr. No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination because defendant "is merely abiding by the terms of his supervised release, which is the expectation for all defendants").

[9] *United States v. Johnson*, Cr. No. 04-131, 2025 WL 1065885, at *3 (E.D. Tex. Apr. 7, 2025).

4

reflects the seriousness of his offense and satisfies the goals of public safety and deterrence. Should Defendant establish undue hardship or changed circumstances in the future, he may seek relief at that time.

## III.    **RECOMMENDATION**

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Defendant's Motion for Termination and/or Reduction of Supervised Release Term Pursuant to 18 U.S.C. § 3583(e)(1), (2), be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[10]

New Orleans, Louisiana, this 21st day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[10] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).